UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

     Plaintiff,

v.                         Criminal Case No. 15-20008

Terrance Lombard,          Sean F. Cox
                              United States District Judge

     Defendant.
_____/

## MEMORANDUM OPINION

In this criminal action, Defendant Terrance Lombard ("Lombard") is charged with drug offenses. On October 26, 2016, the matter came before the Court on a Motion to Withdraw, filed by Lombard's current counsel at Lombard's request, and a *pro se* "Motion for Disclosure of *Brady* Materials" filed by Lombard on October 25, 2016. This Memorandum Opinion sets forth the Court's rulings on both motions, which were made on the record on October 26, 2016.

## BACKGROUND

Lombard is charged with: 1) Conspiracy to Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); and 2) Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) (Count Two). The Indictment also contains forfeiture allegations.

Lombard was originally represented by retained counsel, attorney Arlene Woods. Woods was permitted to withdraw as counsel for Lombard on October 29, 2015. (D.E. No. 12).

Ben Gonek, an experienced criminal attorney, was then appointed to represent Lombard. On May 23, 2016, Gonek filed a Motion to Withdraw, because Lombard no longer wanted

1

Gonek to represent him.  (D.E. No. 19).  On May 27, 2016, this Court allowed Gonek to withdraw.

W. Otis Culpepper, another experienced criminal attorney, was then appointed to represent Lombard.  On June 29, 2016, Culpepper made an oral Motion to Withdraw as Counsel for Lombard, because Lombard did not want Culpepper to represent him.  This Court allowed Culpepper to withdraw on July 1, 2016.  This Court advised Lombard that another attorney would be appointed to represent him in this action, but cautioned Lombard that the Court would not continue to appoint new attorneys for him absent a compelling reason.

Robert F. Kinney, yet another experienced criminal attorney, was then appointed to represent Lombard.  Kinney is the fourth attorney that has represented Lombard in this action.

Kinney filed a motion seeking to withdraw, on October 17, 2016, because Lombard advised him he did not want to be represented by him and asked that he file the motion.

Prior to filing the motion seeking to withdraw, Kinney filed two motions on behalf of Lombard: 1) a motion requesting leave to file a motion to suppress (D.E. No. 31); and 2) a Motion to Suppress (D.E. No. 30).  This Court granted leave to file the late Motion to Suppress, via a text-only order on October 17, 2016.  That motion will be addressed in a separate Opinion and Order.

On or about October 25, 2016, Lombard filed a *pro se* "Motion for Disclosure of *Brady* Materials."  (D.E. No. 38).

2

## ANALYSIS

**I.     Lombard's Motion For Disclosure Of *Brady* Materials Was Denied As Moot.**

As discussed on the record on October 26, 2016, Lombard's *pro se* Motion for Disclosure of *Brady* Materials is moot.  That is because, as the Government stated at the hearing, the Government is aware of its obligations under *Brady* and will comply with those obligations. Thus, no motion was required and no order is necessary.

**II.    The Motion To Withdraw Is Deemed Withdrawn, After Lombard Elected To Proceed With Mr. Kinney As His Counsel.**

At the hearing held on October 26, 2016, Lombard expressed dissatisfaction with Mr. Kinney because Mr. Kinney did not file a motion requesting disclosure of *Brady* materials.

The Court advised Lombard that persistent, unreasonable demands for dismissal of counsel and appointment of new counsel is the functional equivalent of a valid waiver of trial counsel, citing *United States v. Henderson*, 181 F.3d 105 (6th Cir. 1999).  Lacking a reasonable basis for seeking appointment of new counsel, this Court advised Lombard that it would not appoint a new attorney to represent Lombard if Lombard did not wish Mr. Kinney to represent him.  That is, Lombard was presented with the choice of: 1) continuing to have Mr. Kinney represent him; or 2) proceeding *pro se.  Henderson, supra.*

The Court then asked Lombard a series of questions, to determine if Lombard wished to proceed *pro se* and understood the risks of doing so.   During that colloquy, Lombard indicated that he wished to have Mr. Kinney continue to represent him, if the Court would not appoint another attorney to represent him in this matter.

As such, the Court deems the Motion to Withdraw to have been withdrawn by virtue of Lombard's statements on the record.  The Court further indicated on the record that, if Lombard

is to change his mind in the future and decides to proceed *pro se* in this matter, this Court would

order Mr. Kinney to act as stand-by counsel for Mr. Lombard.


                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  October 27, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on
October 27, 2016, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager

4