UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-20008 |
| Plaintiff, | |
| v. | Sean F. Cox<br>United States District Court Judge |
| TERRANCE LOMBARD, | David R. Grand<br>U.S. Magistrate Judge |
| Defendant. | |

## OPINION AND ORDER

A jury in 2016 convicted Terrance Lombard of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Thereafter, this Court sentenced Lombard to two terms of 210 months' imprisonment, to be served concurrently. On appeal, the Sixth Circuit affirmed this Court's denial of Lombard's motion to suppress, sentence, and judgment. *See United States v. Lombard*, No. 17-1372, 2018 WL 11337429, at *3–4 (6th Cir. Mar. 19, 2018) (order). Lombard then filed a motion seeking to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on October 18, 2019. (ECF No. 77.) After briefing, this Court referred the motion to Magistrate Judge David R. Grand on January 26, 2021. (ECF No. 103.)

Magistrate Judge Grand issued a 24-page report on May 12, 2021, recommending that this Court deny Lombard's § 2255 motion and deny Lombard a certificate of appealability. (ECF No. 107.) A party objecting to the recommended disposition of a matter by a magistrate judge must file objections within 14 days after being served with a copy of the report and recommendation.

1

*See* Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3). Lombard filed objections to the report on May 27 and June 2, 2021. (ECF Nos. 110, 111.)

First, the magistrate judge wrote that this Court's refusal to appoint a fifth attorney for Lombard did not violate his Sixth Amendment rights. (ECF No. 107, PageID.1186.) The report carefully considered the inquiry into Lombard's dissatisfaction with his appointed counsel under *Benitez v. United States*, 521 F.3d 625 (6th Cir. 2008), and *United States v. Iles*, 906 F.2d 1122 (6th Cir. 1990). Lombard's objection to the report's conclusion does not raise any logical defects, but instead simply disagrees. Having reviewed the magistrate judge's analysis, the Court agrees that Lombard's Sixth Amendment rights were not violated.

Second, the magistrate judge found that Lombard's right to effective assistance of counsel was not violated. (ECF No. 107, PageID.1192.) Under *Strickland v. Washington*, 466 U.S. 668, 687, a petitioner must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced" the petitioner's defense. The report found that none of the three alleged violations—the failure to request a *Franks* hearing, the failure to challenge the voice identification of audio records, and the failure to challenges the field test—constituted a viable *Strickland* claim. In Lombard's objections, he vaguely refers to "manipulative techniques the Government pursued at trial [that] eluded the objection radar of former defense counsel" and "also eluded the purview of the Magistrate Judge," but he does not address the report's analysis (ECF No. 110, PageID.1215.) Since there is no convincing objection that the magistrate erred, the Court agrees on this second point.

Finally, the magistrate judge recommended that there not be a new evidentiary hearing, from which this Court should be recused. Once again, Lombard expresses disagreement with this conclusion but does not object to the report's reasoning. Having reviewed the magistrate judge's well-reasoned analysis, this Court agrees that Lombard is not entitled to a new evidentiary hearing.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), Lombard must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Here, the Court concludes that reasonable jurists would not find the Court's assessment of Lombard's claims debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

Accordingly, the Court hereby **ACCEPTS AND ADOPTS** the May 12, 2021 report and recommendation (ECF No. 107) and hereby **DENIES** Lombard's § 2255 motion (ECF No. 77).

**IT IS FURTHER ORDERED** that this Court **DECLINES TO ISSUE** a Certificate of Appealability.

**IT IS SO ORDERED.**

Dated: August 26, 2021            s/Sean F. Cox
                                  Sean F. Cox
                                  U. S. District Judge